AMY BISSON HOLLOWAY, State Bar No. 163731
General Counsel
LEN GARFINKEL, State Bar No. 114815
Assistant General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone: (916) 319-0860
Facsimile: (916) 322-2549
lgarfinkel@cde.ca.gov
Attorneys for Defendant the California Department of Education

*(Defendants are Exempt from Filing Fees Pursuant to Cal. Gov't. Code § 6103)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE MARQUES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GUIDING HANDS SCHOOL INC., et al. <br><br> Defendants. | Case No. 2:22-cv-00150-TLN-KJN <br><br> OPPOSITION OF DEFENDANT CALIFORNIA DEPARTMENT OF EDUCATION TO MOTION TO CONSOLIDATE <br> Fed. R. Civ. P. 42 <br><br> Hearing Date: June 2, 2022 <br> Time:         2:00 p.m. <br> Courtroom:  2 <br> Judge:        Hon. Troy L. Nunley |

## I. INTRODUCTION

Plaintiffs' motion to consolidate the *Marques* case with the currently-stayed *Langley* case is ill-timed, and consolidation is not in the interests of fundamental fairness and will not result in a savings of judicial resources. In both cases, defendant, the California Department of Education (CDE) has a pending motion to sever that addresses issues of prejudice. As shown below, consolidation would actually increase the likelihood of prejudice to the CDE. For that reason, the court should deny consolidation.

## II. FACTUAL BACKGROUND

### A. *Langley v. Guiding Hands*

*Langley* has been pending in the Eastern District, before Judge Nunley, since March 2020. In the operative Third Amended Complaint (TAC, Dkt. 126), two Plaintiffs, M.B. and M.S., bring claims against the CDE, alleging disability discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Cal. Educ. Code § 220, in causes of action 1, 2 and 5 (TAC, pp. 91, 96 and 118); and negligence in cause of action 13. (TAC, p. 149). Plaintiff Stacia Langley, parent of M.B., brings a claim for wrongful death of M.B. in cause of action 14. (TAC, p. 156). The CDE's motion to dismiss causes of action 5, 13 and 14 (Dkt. 139) in the TAC is pending.

The CDE also has a pending motion to sever. (Dkt. 223) The CDE seeks to sever decedent Plaintiff M.B.'s claims against the CDE from Plaintiff M.S.' claims against the CDE, based on fundamental fairness. The grounds for that motion are fully set forth in the motion, but are briefly summarized here. Both Plaintiffs were placed at the nonpublic school, Guiding Hands School, in 2018. However, while the basis for both Plaintiffs' claims relies on allegations regarding the improper use of restraints, the underlying facts as to each Plaintiff's alleged harms are separate and distinct, and do not arise out of the same set of circumstances or factual events.

M.B. makes allegations about the defendants, including his school district of residence, with a specific focus on a restraint at Guiding Hands School on November 28, 2018, which resulted in his death. (TAC, pp. 36-56, ¶¶ 169-238). Separately, M.S. sets forth different allegations about multiple occurrences of the use of restraints at Guiding Hands School separate from those alleged by M.B., over

1  a period of time in 2018. (TAC, pp. 56-63, ¶¶ 239-272). And, unlike M.B., M.S. alleges that he filed a
2  special education compliance complaint with the CDE. (TAC, p. 34, ¶ 163; p. 59, ¶ 257.)

3      The court has stayed *Langley* pending resolution of the pending criminal case against Guiding
4  Hands employees in El Dorado County Superior Court. (Dkt. 234). The CDE's understanding is that
5  the preliminary hearing in the criminal case is currently set for May 17, 2022, but the case has not been
6  set for trial.

7      **B.** *Marques v. Guiding Hands et al.*

8      *Marques* has been pending in the Eastern District since January 2022. *Marques* was initially
9  assigned to Judge Mueller. (Dkt. 2) Counsel for the CDE filed a Notice of Related Case, as required
10 by Local Rule 123(b) when counsel "has reason to believe that an action on file . . . may be related to
11 another action on file . . ." *Id.* Dkt. 3. *Marques* was then re-assigned to Judge Nunley. (Dkt. 5).

12     In the operative Second Amended Complaint (SAC, Dkt. 4), Plaintiffs' T.V.M and J.V.M.
13 assert six claims against the CDE, alleging violation of the following statutes, respectively: (1) the First
14 Cause of Action under Cal. Civ. Code § 51 (Unruh Act); (2) the Second Cause of Action under Cal.
15 Civ. Code § 51.7 (Ralph Act); (3) the Third Cause of Action under Cal. Civ. Code § 52.1 (Bane Act);
16 (4) the Fourth Cause of Action under Cal. Educ. Code §§ 200, 201, 220 and 260; (5) the Fourteenth
17 Cause of Action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 and
18 (6) the Fifteenth Cause of Action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.
19 The CDE's motion to dismiss (Dkt. 7) is pending.

20     The CDE also has a pending motion to sever in that matter. (Dkt. 7) Based on fundamental
21 fairness, the CDE seeks to sever the claims against the CDE that are premised on allegedly inadequate
22 oversight of Guiding Hands School from those that are premised on allegedly inadequate oversight of a
23 separate entity, Point Quest, Inc. The grounds for that motion are fully set forth therein, but are briefly
24 summarized here. As to Plaintiff T.V.M., the SAC identifies multiple restraints at Guiding Hands
25 School in 2018, and one restraint at Point Quest, Inc. in 2019, with no further context or details. As to
26 Plaintiff J.V.M., the SAC identifies several restraints at Guiding Hands School in 2018, but does not
27 identify any restraint of J.V.M. at the separate entity, Point Quest, Inc. Further, the SAC alleges that
28 ///

1  another student (Plaintiff M.B. in *Langley*) died after a restraint at Guiding Hands School in November
2  2018.  SAC, p. 12, ¶ 65.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) regarding consolidation states that if actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

### IV.  ARGUMENT

The district court has substantial discretion in deciding whether, and to what extent, to consolidate cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  The fact that cases are deemed related under Local Rule 123 does not mean that the cases are consolidated. *Sho v. Current or Acting Field Office Director*, 2022 WL 1025693 at *1 (E. D. Cal.); *Planned Parenthood of the Pacific Southwest v. Center for Medical Progress*, 2019 WL 1746067 at *1 (E.D. Cal.).  In fact, the court may exercise its discretion to deny a motion to consolidate cases that have been deemed related under Local Rule 123. See *United States. v. Mysin*, 2018 WL 6620343 at *2 (E.D. Cal.) (declining to consolidate cases deemed related under Local Rule 123).

Consolidation may be inappropriate where it would result in delay, confusion or prejudice. *Bruce Foods v. SK Foods, LP,* 2009 WL 10691163 at *2 (E.D. Cal.) (denying consolidation in part).  The CDE already has a motion to sever pending in each case, that addresses issues of prejudice.  Those motions, respectively, demonstrate why, in the *Langley* case, Plaintiff M.S.' claims against the CDE should be severed from decedent Plaintiff M.B.'s claims against the CDE, and why, in the *Marques* case, Plaintiffs' T.V.M. and J.V.M.'s claims against the CDE related to oversight of Guiding Hands should be severed from their claims against the CDE relating to oversight of Point Quest.

The motion to consolidate attempts to bypass those unresolved, pending motions to sever and *increase* prejudice in two significant ways.  First, Plaintiffs seek to add even more Plaintiffs whose cases are separate and distinct from that of decedent Plaintiff M.B. in *Langley*.  The claims do not arise out of commun occurrences, and the facts surrounding each event and whether they meet the

requirements of a cause of action must be evaluated separately.  The CDE does not minimize the consequences of the restraint in M.B.'s case, and a jury would be unduly swayed by the gravity and significance of the harm to decedent M.B.  This would greatly prejudice the CDE in a manner that could not be overcome by a jury instruction or motion in limine.  Second, Plaintiffs seek to add another defendant, Point Quest, Inc., that is a separate entity from Guiding Hands School.  In evaluating the CDE's oversight of Point Quest, Inc., a jury would be unduly swayed by evidence regarding the unrelated entity, Guiding Hands School, including the gravity and significance of the harm to decedent M.B.  The court should exercise its discretion to deny consolidation based on the likelihood of confusion and prejudice.

Finally, even if partial consolidation is granted for purposes of discovery or pretrial proceedings, the court may deny and defer a decision on consolidation for trial, because discovery may reveal circumstances making a joint trial not feasible.  *Bruce Foods*, 2009 WL 1061163 at *2 (deferring decision on consolidation for trial); see also *Lewis v. City of Fresno*, 2009 WL 1948918 at *3 (E.D. Cal.) (same).  Accordingly, even if the court is inclined to grant consolidation for purposes of discovery or pretrial proceedings, it should defer a decision on consolidation for trial.

### V.  CONCLUSION

For all of the foregoing reasons, the CDE requests that the court deny the motion to consolidate.

Dated: May 2, 2022                              Respectfully submitted,

                                                By:     /s/ Len Garfinkel
                                                        LEN GARFINKEL
                                                        Assistant General Counsel
                                                        Attorney for Defendant CDE