Carol A. Wieckowski, Esq. (SBN 95586)
EVANS, WIECKOWSKI, WARD & SCOFFIELD, LLP
745 University Avenue
Sacramento, CA 95825
Telephone: (916) 923-1600
Facsimile: (916) 923-1616

Attorneys for Defendants
ROCKLIN U.S.D., PLACER COUNTY SELPA, KRISTI GREGERSEN,
TROY TICKLE,  KRISTAIN ROYER & BETH DAVIDSON

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Louie Andres MARQUES, Gloria V.M., Thomas V.M., and Jordan V.M., | Case No.  **2:22−CV−00150−TLN−KJN** |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKLIN UNIFIED SCHOOL DISTRICT, KRISTI GERGERSEN, TROY TICKLE, KRISTAIN ROYER AND BETH DAVIDSONS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| vs. | |
| GUIDING HANDS SCHOOL, Inc., et al., | |
| Defendants. | |
| | Date:    September 8, 2022 |
| | Time:    2:00 p.m. |
| | Courtroom: 2 |
| | Judge: Hon. Troy L. Nunley |
| | **[FEE EXEMPT PURSUANT TO GOVERNMENT CODE §6103]** |

# TABLE OF CONTENTS

I     INTRODUCTION..................................................................................1

II   FACTS ASSERTED IN THE SAC................................................................1

III  ARGUMENT........................................................................................3

    A.    ALL STATE LAW CLAIMS ARE BARRED BECAUSE
          PLAINTIFFS FAILED TO COMPLY WITH THE CALIFORNIA
          GOVERNMENT CLAIMS ACT...............................................................3

          1.     The SAC Does not Contain Facts Sufficient to Allege Compliance
                With the California Government Claims Act.....................................3

          2.     The Plaintiffs' Tort Claims Were Not Timely Presented to ROCKLIN
                Nor PLACER, Thereby Barring all State Law Causes of Action..............4

    B.    EVEN IF TIMELY, THE FIRST CAUSE OF ACTION FOR A
          VIOLATION OF CAL. CIVIL CODE §51 SHOULD BE DISMISSED
          BECAUSE SCHOOL DISTRICTS ARE NOT CONSIDERED TO BE
          "BUSINESS ESTABLISHMENTS".............................................................6

          1.    Even if ROCKLIN and SELPA are Found to be Business Establishments,
              the Allegations in the SAC are Insufficient to Allege Liability Because
              The Act Requires Intentional Discrimination.........................................8

    C.    EVEN IF THE SECOND CAUSE OF ACTION FOR A VIOLATION
          OF THE RALPH ACT IS NOT TIME-BARRED, IT SHOULD BE
          DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT THESE
          DEFENDANTS ENGAGED IN VIOLENCE OR INTIMIDATION..................9

    D.    EVEN IF THE THIRD CAUSE OF ACTION FOR A VIOLATION
          OF THE BANE ACT IS NOT TIME-BARRED, IT SHOULD BE
          DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT
          THESE DEFENDANTS ENGAGED IN THREATS OR COERCION...............9

    E.    EVEN IF THE FOURTH CAUSE OF ACTION FOR VIOLATIONS
          OF CAL. ED. CODE §§200, 201, 220 & 260 IS NOT TIME-BARRED,
          IT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED
          TO EXHAUST THEIR ADMINISTRATIVE REMEDIES AND BECAUSE
          PLAINTIFFS CANNOT ALLEGE THAT THESE DEFENDANTS
          ACTED WITH DELIBERATE INDIFFERENCE.....................................10

F.  EVEN IF THE FIFTH AND SIXTH CAUSES OF ACTION FOR
    ASSAULT & BATTERY ARE NOT TIME-BARRED, THEY SHOULD
    BE DISMISSED BECAUSE THESE DEFENDANTS DID NOT ASSAULT
    NOR BATTER THE PLAINTIFFS......................................................11

G.  EVEN IF NOT TIME BARRED, THE SEVENTH CAUSE OF ACTION
    FOR IIED SHOULD BE DISMISSED  BECAUSE NONE OF THESE
    DEFENDANTS ENGAGED IN ANY OUTRAGEOUS CONDUCT...............12

H.  EVEN IF NOT TIME BARRED, THE EIGHTH CAUSE OF ACTION
    FOR FALSE IMPRISONMENT AND CONSPIRACY TO COMMIT
    FALSE IMPRISONMENT SHOULD BE DISMISSED  BECAUSE NONE
    OF THESE DEFENDANTS ENGAGED IN ANY SUCH CONDUCT..............13

I.  EVEN IF NOT TIME BARRED, THE NINTH CAUSE OF ACTION
    FOR NEGLIGENCE SHOULD BE DISMISSED  BECAUSE PLAINTIFFS
    DO NOT IDENTIFY ANY STATUTE IMPOSING A MANDATORY
    DUTY ON ROCKLIN OR SELPA.............................................13

J.  EVEN IF NOT TIME BARRED, THE TENTH CAUSE OF ACTION
    FOR NEGLIGENCE SUPERVISION SHOULD BE DISMISSED
    BECAUSE EDUCATION CODE §44807 DID NOT REQUIRE DEFENDANTS
    TO SUPERVISE THE PLAINTIFFS AT GHS OR PQ...............................14

K.  EVEN IF NOT TIME BARRED, THE ELEVENTH CAUSE OF ACTION
    FOR NEGLIGENCE PER SE SHOULD BE DISMISSED BECAUSE THE
    SAC DOES NOT IDENTIFY ANY STATUTE IMPOSING ANY
    MANDATORY DUTY BREACHED BY DEFENDANTS...........................15

L.  EVEN IF NOT TIME BARRED, THE TWELFTH CAUSE OF ACTION
    FOR TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH
    AND FAIR DEALING SHOULD BE DISMISSED  BECAUSE THE
    SAC DOES ALLEGE THE EXISTENCE OF ANY VALID OR
    ENFORCEABLE CONTRACT....................................................16

M.  EVEN IF NOT TIME BARRED, THE THIRTEENTH CAUSE OF ACTION
    FOR FRAUD SHOULD BE DISMISSED BECAUSE THE SAC DOES
    NOT CONTAIN FACTS SUFFICIENT TO ALLEGE FRAUD....................17

N.  THE FOURTEENTH & FIFTEENTH CAUSES OF ACTION FOR
    VIOLATIONS OF THE ADA/SECTION 504 SHOULD BE DISMISSED
    BECAUSE THE SAC DOES NOT, NOR CAN IT, ALLEGE
    INTENTIONAL DISCRIMINATION OR DELIBERATE
    INDIFFERENCE BY THESE DEFENDANTS......................................18

O.    THE EXCESSIVE FORCE CLAIM SHOULD BE DISMISSED
      BECAUSE THESE DEFENDANTS DID NOT PERSONALLY
      PARTICIPATE IN ANY ACT ALLEGED TO CONSTITUTE A
      FOURTH AMENDMENT VIOLATION……………………………………......…..19

III. CONCLUSION……………………………………………………………………....……19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008)................................4

*C.B. v. Sonora School Dist.*, 691 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010)...........................13

*Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009).....................................................9

*Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009).......................4

*Duronslet v. County of Los Angeles*, 266 F.Supp.3d 1213, 1218 (C.D. Cal. 2017)...................13

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138  1139.....................................................18

*J.E.L. v. San Francisco Unified School District*, 185 F.Supp.3d 1196,
        1200–1201 (N.D. Cal. 2016)..................................................................................11

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).....................................................19

*OSU Student Alliance v. Ray,* 699 F.3d 1053, 1069 (9th Cir. 2012)....................................19

*Parrino v. FHP, Inc.*, 146 F.3d 699, 705–706 (9th Cir.1998)..............................................5

*R.N. v. Travis Unified School District*, 2022 WL 1214902, *5  [E.D. Cal., 4/25/2022]...............8

*Roe by and through Slagle v. Grossmont Union High School District*,
        443 F.Supp.3d 1162. [S.D.Cal. 2020].....................................................................10

*White v. City and County of West Sacramento*, 2021 WL 4068009, *4
        [E.D. Cal., 9/7/2021]........................................................................................8

## STATE CASES

*Austin B. v. Escondido Unified School District*, (2007)149 Cal.App.4th 860, 883....................9

*Brennon B. v. Superior Court of Contra Costa County*, (11/13/20) 57 Cal.App.5th 367...........7, 8

*Curran v. Mount Diablo Council of the Boy Scouts of America*, (1998),
        17 Cal.4th 670,  697, 700....................................................................................8

*Donovan v. Poway Unified School District* (2008) 167 Cal.App.4[th] 567, 605..........................11

*Easton v. Sutter Coast Hosp.*, (2000) 80 Cal.App.4th 485, 496.........................................13

*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1175................................8

*Hilts v. County of Solano* (1968) 265 CA2d 161, at 170-171............................................14

*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4[th] 925, 937.................................15

*Hughes v. Pair*, (2009) 46 Cal.4th 1035, 1050...........................................................12

*Isbister v. Boys' Club of Santa Cruz, Inc.*, (1985) 40 Cal.3d 72, 76, ,81................................7

*K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1238.............................4

*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638, 645...............................................18

*Lilley v. Elk Grove Unified School Dist.* (1998) 68 Cal.App.4th 939, 945............................15

*O'Connor v. Village Green Owners Association* (1983) 33 Cal.3d 790, 796...........................7

*Warfield v. Peninsula Golf & Country Club*, (1995) 10 Cal.4th 594, 622.......................7, 8

*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208.........................................3

*State of California v. Superior Court (Bodde)*, (2004) 32 Cal. 4th 1234, 1239, 1243..............4, 6

*Tolan v. State of California* (1979) 100 CA3d 980, 986.................................................14

*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1332....................18

**STATUTES**

42 U.S.C. § 1983......................................................................................19

42 U.S.C. § 12132....................................................................................18

29 U.S.C. § 794(a)...................................................................................18

Fed. Rules of Ev. Rule 201.........................................................................5

Cal. Civil Code §51.7................................................................................9

Cal. Civ. Code § 51(b)............................................................................................7

Cal. Civil Code § 52.1(b)........................................................................................9

Cal. Civil Code §1625............................................................................................17

Cal. Ed. Code §200................................................................................................10

Cal. Ed. Code §201................................................................................................10

Cal. Ed. Code §220................................................................................................11

Cal. Ed. Code §260................................................................................................11

Cal. Ed. Code §262.3(d).........................................................................................11

Cal. Ed. Code §44807.......................................................................................14, 15

Cal. Ed. Code §56521.1..........................................................................................15

Cal. Ed. Code §56521.2..........................................................................................15

Cal. Ed. Code §176042............................................................................................16

Cal. Ed. Code §351631............................................................................................16

Cal. Govt. Code §815(a)..........................................................................................14

Cal. Govt. Code §818.8...........................................................................................18

Cal. Govt. Code §822.2...........................................................................................18

Cal. Govt. Code §911.2(a).....................................................................................3, 5

Cal. Penal Code §206..............................................................................................12

Cal. Penal Code §11165.4.......................................................................................15

# I   **INTRODUCTION**

Plaintiffs Thomas V.M. and Jordan V.M. are special needs students who resided within the boundaries of the ROCKLIN UNIFIED SCHOOL DISTRICT ("ROCKLIN"), and the PLACER COUNTY S.E.L.P.A. ("SELPA").  Defendants GUIDING HANDS SCHOOL ("GHS") and POINT QUEST ("PQ") were non-public schools who provided educational services to special needs students, acting as independent contractors under written agreements with various school districts, including ROCKLIN.  Pursuant to such an agreement, Thomas and Jordan were enrolled at GHS and/or PQ.  In this action, the children allege that they were subjected to unlawful physical restraints by school staff members, sustaining injuries thereby, for which they assert more than a dozen federal and state law claims against ROCKLIN, SELPA and its employees.  Gloria V.M., the children's mother, brings her own claims for negligence and fraud.  Plaintiff MARQUEZ makes no claims against these defendants because his attendance at GHS was authorized by the Elk Grove School District.

Moving defendants are ROCKLIN, and its employees KRISTAIN ROYER, a Program Specialist, and  BETH DAVIDSON, Asst. Dir. of Special Education, and SELPA, and its employees KRISTI GREGERSEN, Program Specialist, and TROY TICKLE,  the Director of the SELPA.   Defendants move to dismiss each and every cause of action asserted against them in the Second Amended Complaint (SAC), because the allegations fail to state a claim upon which relief can be granted under any of the theories alleged [FRCP 12(b)(6)].

# II   **FACTS ASSERTED IN THE SAC**

Thomas and Jordan are children with disabilities, including mental disabilities (SAC ¶4, p. 2).  Thomas engaged in behaviors which included kicking, biting, yelling, screaming, grunting, crying, refusing to participate in activities or to follow staff directives, and throwing objects. (SAC ¶5, p. 2)  Jordan's predictable behaviors included non-compliance, kicking, hitting, pushing, biting and spitting on staff and peers, yelling, screaming, making inappropriate gestures and spitting water. (SAC ¶7, p. 2).

1    GHS was, and PQ is, a nonpublic school which contracted with the LEA ("Local Education

2    Agency') Defendants to provide special education services to public school students with

3    disabilities in exchange for state and federal education funding, and executed an Individual Services

4    Agreement for each student placed there. (SAC ¶¶49-50, p. 10)  Each student had an IEP which

5    included a Behavioral Intervention Plan which described the student's known disability-related

6    behaviors and the intervention strategies and behavioral supports educators should use to prevent or

7    respond to behaviors.  (SAC ¶51, p. 10) Despite legal requirements requiring otherwise, GHS and

8    PQ administrators and employees engaged in a policy and practice of using restraints as a substitute

9    for positive interventions in response to predictable behaviors.  Staff used such restraints of students

10   frequently, for longer than necessary, and with excessive force. (SAC ¶52, pp. 10-11.)  GHS and PQ

11   did not adequately train its staff to properly use behavioral interventions, instead relying on a

12   patented restraint system developed by Defendants CHAPMAN and HANDLE WITH CARE.

13   (SAC ¶57, p. 11)

14      GHS and PQ took significant measures to conceal their illegal use of restraints and child

15   abuse from parents and the LEAs by failing to provide required reports to the parents and to the

16   State of California (SAC ¶59, p. 11)  GHS frequently failed to complete a Behavioral Emergency

17   Report, place the report in the student's file, send it to the LEA, or notify the student's parents, as

18   required by law and their contracts.  Nor did GHS administrators or staff report any abuse that they

19   witnessed, despite their status as mandated child abuse reporters.  (SAC ¶63, p. 12)

20      Jordan was placed at GHS on February 8, 2018.  Thomas was placed at GHS on August 6,

21   2018.  (SAC ¶67, p. 13)  Plaintiffs engaged in repetitive conduct which disrupted their educational

22   experience and abilities, as a result of which, they were placed in such restraints.  (SAC ¶¶66-67, p.

23   13)  Max Benson, a GHS student, died after being held in a prone restraint for almost two hours on

24   November 28, 2018.  (SAC ¶65, p. 12)   This incident resulted in the revocation of GHS' license to

25   operate. (SAC ¶39, p. 9)  The children were removed from GHS around the end of December, 2018.

26   (SAC ¶74, p. 14)

27      After GHS was closed it was sold to PQ, and Jordan then attended PQ. (SAC ¶40, p. 9)

28   After Thomas began to attend PQ, he was assaulted, battered and restrained.  He was removed from

PQ on or about October 1, 2019. (SAC ¶75, p. 14)   Defendant NOEL COLLIER, a special

education teacher, was an employee of GHS (¶22, p. 5) and was an employee of PQ (SAC ¶27, p.

6). Thomas was restrained on 9/5/18 by or in the presence of COLLIER.  He was also restrained on

9/19/18, 10/3/18, and 10/18/18 by or in the presence of COLLIER. (SAC ¶¶110-112 & 114, p. 18).

He was restrained on 10/23/18 by or in the presence of COLLIER and GHS employee David

CHAMBERS.  (SAC ¶113, p. 18).  He was placed in a prone restraint on 11/3/18, 11/5/18 and

11/19/18 by or in the presence of PQ employee Noelle DOE. (SAC ¶¶115-117, pp. 18-19).

Thomas was restrained on an unspecified date by a staff member "Jennifer" at PQ, after which

Gloria immediately withdrew him from the school. (SAC ¶118, p. 19).

Roland DOE was a driver on staff at GHS, but was later hired by PQ.  He assaulted Thomas

and shoved his face into a wall occasionally, one time chipping a tooth.  (¶23, p. 5; ¶120, p. 10)

Jordan was restrained on 2/26/18 by or in the presence of "Amanda Doe," (SAC ¶123, p. 19)

who was an employee of PQ (SAC ¶28, p. 6). Jordan was restrained on 10/9/18 by someone who

may have been named "Dorian," and he was restrained on 10/10/18 by or in the presence of

COLLIER.  (SAC ¶¶124-125, p. 20)

## III    ARGUMENT

### A.    ALL STATE LAW CLAIMS ARE BARRED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT

1.    The SAC Does not Contain Facts Sufficient to Allege Compliance With the California Government Claims Act

The Government Claims Act (Gov. Code §§810 et seq.) requires that "before suing a public

entity, the plaintiff must present a timely written claim for damages to the entity." (*Shirk v. Vista

Unified School Dist.* (2007) 42 Cal.4th 201, 208.  "A claim relating to a cause of action for ... injury

to person[s] ... shall be presented ... not later than six months after the accrual of the cause of

action." (Gov. Code, § 911.2, subd. (a).) "Timely claim presentation is not merely a procedural

requirement, but is ...a condition precedent to plaintiff's maintaining an action against defendant and

thus an element of the plaintiff's cause of action." (*Shirk, supra*, at 209)

"A plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." ( *State of California v. Superior Court*, (2004) 32 Cal. 4th 1234, 1243.) "The timely presentation of a claim under the Tort Claims Act is not merely a procedural requirement but is an actual 'element of the plaintiff's cause of action.' " (*Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) (quoting *Shirk, supra,* at 209)) "The requirement that a plaintiff must affirmatively allege compliance with the CTCA applies in federal court." (*Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).)   Further, these time periods are generally not tolled while the plaintiff is a minor. (*K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1238.)

Plaintiffs allege their compliance with the Government Claims Act, as follows:

> "Gloria, Thomas, and Jordan V.M. have complied with the Tort claims filing against CDE, ROCKLIN UNIFIED SCHOOL DISTRICT and PLACER COUNTY SELPA on March 24, 2019 for injuries and claims herein stated against said public entities.  True and correct copies of said claims are attached as **Exhibit A**." (SAC ¶18, p. 4)  (Note that the tort claims were not attached to the SAC.)

These allegations are insufficient to establish compliance with the Government Claims Act because the confusing and conclusory statement that the plaintiffs "complied" with the Tort claims filing… "on March 29, 2019" does not clearly state the date that they presented their tort claims to ROCKLIN and SELPA.  Thus, they have not alleged facts to demonstrate that the presentation of their tort claims was timely with respect to the events giving rise to this action.  Normally, a failure to allege compliance with the claims statute can be easily cured, however, a failure to comply with the requirements of the statute is another matter.  As discussed below, the plaintiffs' tort claims were not presented to ROCKLIN and SELPA on March 29, 2019, but instead, nearly a year later, on March 24, 2020.   The difference is fatal to the plaintiffs' claims, because their claims were presented too late with respect to the matters upon which this action is based.

    2.    <u>The Plaintiffs' Tort Claims Were Not Timely Presented to ROCKLIN Nor PLACER,</u> <u>Thereby Barring all State Law Causes of Action</u>

Although the plaintiffs failed to attach their tort claims to the SAC, the court may take judicial notice of them in ruling on this motion. When ruling on a motion to dismiss, the court may

consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the court takes judicial notice. (*Parrino v. FHP, Inc.*, 146 F.3d 699, 705–706 (9th Cir.1998).) Pursuant to Fed. Rules of Ev., Rule 201, the Court may take judicial notice of the filing date and content of the tort claims and the dates of their rejection by ROCKLIN and SELPA, because these documents, which are part of the official files and records of ROCKLIN and SELPA, are matters of public record and set forth facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." (Rule 201(b)(2)).

The plaintiffs' tort claims and defendants' notices rejecting the same are attached to the Request for Judicial Notice filed concurrently herewith.  Defendants respectfully request that the court take notice that each tort claim bears a date of March 24, 2020, and that Notices of Rejection were sent to plaintiffs' counsel by ROCKLIN on May 8, 2020 and by SELPA on May 22, 2020.

Cal. Govt. Code §911.2(a)  requires a claim relating to a cause of action for bodily injury to be presented not later than six months after the accrual of the cause of action.  The statute provides no exceptions for minors, (*K.J., supra,* at 1238), so the plaintiffs were required to present tort claims within six months of the incidents giving rise to their lawsuit.  Based on presentation of their claims on March 24, 2020, the plaintiffs' claims are timely only as to matters which occurred on or after September 24, 2019.  As shown below, the plaintiffs do not allege the occurrence of any illegal restraint after September 24, 2019.

Every improper restraint of Thomas is alleged to have occurred between September 5, 2018 and November 19, 2018, (SAC ¶¶110-118), during the time that he attended GHS.  Although the SAC alleges that Thomas was restrained on 11/3/18, 11/5/18 and 11/19/18 by or in the presence of PQ employee Noelle DOE (SAC ¶¶115-117), these restraints could not have been performed at PQ nor by a PQ employee, since the SAC asserts that PQ did not exist until after GHS was closed in December 2018.  Further, although there is an allegation that Thomas was restrained at PQ, following which he was removed from school on October 1, 2019, (¶¶ 75, 118) plaintiffs fail to allege the date that the alleged restraint occurred, so they have not alleged that it occurred after September 24, 2019.  Moreover, Thomas does not appear to consider the 2019 restraint to be

1    improper, inasmuch as Thomas has not asserted a single claim against PQ based upon that restraint.

2         Thomas asserts his fifth through eleventh causes of action for assault and battery, IIED, false

3    imprisonment, negligence, negligent supervision, and negligence per se against GHS and its

4    employees, all of which are based upon unlawful restraints, but he does not assert these claims

5    against PQ. Jordan, by contrast, asserts all of those claims against two groups of defendants, based

6    upon their affiliation with either GHS or PQ.   Thomas does not explain why he has not sued PQ for

7    the 2019 restraint, and his failure to do so suggests that the allegations that he attended PQ are

8    erroneous.  In any event, Thomas has not alleged any restraint that occurred after September 24,

9    2019, so his tort claim was presented too late with respect to the matters set forth in the SAC.

10        Jordan complains of restraints which occurred between February 26, 2018 and October 10,

11   2018.    No dates are provided regarding the alleged abuse by "Roland," the driver, but even if

12   Roland assaulted Jordan within the six month period before March 24, 2020, that assault could not

13   be the basis of a claim against these defendants, since Roland was an employee of GHS or PQ, or

14   both, but was never employed by defendants, and the SAC fails to allege a basis for liability against

15   these defendants arising out of any conduct attributable to Roland.

16        In any event, all of the restraint incidents complained of by Jordan occurred before the end

17   of 2018, many months before September 24, 2019.   Thus, Jordan also fails to allege the occurrence

18   of a single incident that happened within the six months before the presentation of the children's

19   claims in March, 2020. The failure to timely present a proper claim for money or damages to a

20   public entity bars a plaintiff from filing a lawsuit against that entity. (*State of California v. Superior*

21   *Court (Bodde* ) (2004) 32 Cal.4th 1234, 1239.)  As a result, the plaintiffs' failure to timely comply

22   with the Government Claims Act bars the First through Thirteenth Causes of Action, all of which

23   assert violations of state law, and they should be dismissed.

24        Moreover, even if the tort claims had been timely presented, all of the causes of action set

25   forth in the SAC, regardless of whether they are based on state or federal law, are legally and/or

26   factually deficient, and should be dismissed for the reasons set forth below.

27   **B.    EVEN IF TIMELY, THE FIRST CAUSE OF ACTION FOR A VIOLATION OF CAL.**
28   **CIVIL CODE §51 SHOULD BE DISMISSED BECAUSE SCHOOL DISTRICTS ARE NOT**
     **CONSIDERED TO BE "BUSINESS ESTABLISHMENTS"**

California Civil Code section 51, also known as the Unruh Act, provides that "[a]ll persons within the jurisdiction of this state are free and equal, no matter what their…disability…are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments." Cal. Civ. Code § 51(b).

California law is presently unsettled as to whether a school district is considered to be a "business establishment" within the meaning of Civil Code §51, however the most recent opinion rendered on this issue concluded that school districts are not business establishments.  On November 13, 2020, the Court of Appeal, First District, issued its decision in *Brennon B. v. Superior Court of Contra Costa County*, 57 Cal.App.5th 367.   In *Brennon B*, the court upheld the sustaining of West Contra Costa Unified School District's demurrer to a student's cause of action for disability discrimination brought under the Unruh Act.   The court noted that this was a case of first impression in California appellate courts, because no court had ever considered whether a government entity, and specifically an agent of the state performing a state constitutional obligation, such as a public school district, is a business establishment within the meaning of the Act.  The court concluded that a school district is not considered a business establishment.  The California Supreme Court subsequently granted review of the *Brennon* decision on February 24, 2021, and no decision has yet been rendered.

In concluding that school districts are not liable under the Unruh Act, the *Brennon B*. court cited prior decisions that had held that school districts lack certain attributes of business establishments.   The court noted that the "overall function" of a public school district is not to "enhance" its "economic value." (*O'Connor v. Village Green Owners Association* (1983) 33 Cal.3d 790, 796.)   While a public school district may provide some athletic facilities for the physical education of its students, these facilities are not the district's "principal activity and reason for existence." (*Isbister v. Boys' Club of Santa Cruz, Inc.*, (1985) 40 Cal.3d 72, 76.)   Nor do public school districts provide a "physical plant" for "patrons [to] use at their convenience" and for which they pay an annual membership fee. (*Ibister* at p. 81.)   "Commercial transactions" with the general public are not "an integral part of [a public school district's] overall operations." (*Warfield v.*

*Peninsula Golf & Country Club*, (1995) 10 Cal.4th 594, 622.)   The "attributes and activities" of a public school district are not "the functional equivalent of a classic 'place of public accommodation or amusement.' " (*Curran v. Mount Diablo Council of the Boy Scouts of America*, (1998) 17 Cal.4th 670,  697.)  And whatever commercial activities a public school district may engage in do not involve the sale of access to the basic education that public school districts are charged by the state with delivering to every school-age child pursuant to state constitutional mandate. (*Curran* at p. 700.) (*Brennon B.* at 389-390.)  The *Brennon B.* court noted that its conclusion was consistent with prior case law holding generally that government entities are not business establishments under the Unruh Act. [citations omitted] *Id.*

Since review of *Brennon B.* was granted, two opinions issued in the Eastern District of California have followed *Brennon B.*'s analysis.  In *White v. City and County of West Sacramento*, 2021 WL 4068009 [E.D. Cal., 9/7/2021], the Honorable Morrison C. England, Jr. dismissed the plaintiff's Unruh Act claim asserted against a police department, following *Brennon B.*'s analysis and prior cases concluding that the Unruh Act is designed to address private discriminatory conduct. (*White, supra,* at *4.)    In *R.N. v. Travis Unified School District*, 2022 WL 1214902 [E.D. Cal., 4/25/2022], Chief Judge Kimberly Mueller reversed her previous determination that a school district is a business establishment, finding the *Brennon B.* decision to be "thorough and well-reasoned," and unlikely to be rejected by the California Supreme Court.  She therefore granted defendants' motion to dismiss the Unruh Act claim.  (*R.N., supra,* at *5.)  Defendants urge this Court to find the *Brennon B.* analysis to be persuasive and instructive on this issue, and to conclude that ROCKLIN and SELPA are not business establishments under the Unruh Act Claim, entitling defendants to dismissal of this claim.

1.    Even if ROCKLIN and SELPA are Found to be Business Establishments, the Allegations in the SAC are Insufficient to Allege Liability Because The Act Requires Intentional Discrimination

"A plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination ... in violation of the terms of the Act." (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1175.  In order to state a cause of action under the Unruh

Act, intentional discrimination in the form of willful, affirmative conduct must be alleged. (*Id.*) Plaintiffs do not, nor can they, allege that these Defendants have engaged in any conduct reflecting intentional discrimination toward them, making this claim subject to dismissal without leave to amend.

**C.    EVEN IF THE SECOND CAUSE OF ACTION FOR A VIOLATION OF THE RALPH ACT IS NOT TIME-BARRED, IT SHOULD BE DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT THESE DEFENDANTS ENGAGED IN VIOLENCE OR INTIMIDATION**

Cal. Civil Code §51.7, the "Ralph Act," specifies that individuals should be afforded unfettered access to public accommodations, free from any violence, or threat thereof, because of their particular characteristics, including disability. Under the Act, plaintiffs are required to present evidence of "violence, or intimidation by threat of violence," committed against them on the basis of a protected ground, such as a disability. (*Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009).) There are no allegations that any employees of either ROCKLIN or SELPA physically participated in any restraints of the children, nor engaged in any acts of violence or intimidation directed toward them.  This cause of action should be dismissed without leave to amend.

**D.    EVEN IF THE THIRD CAUSE OF ACTION FOR A VIOLATION OF THE BANE ACT IS NOT TIME-BARRED, IT SHOULD BE DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT THESE DEFENDANTS ENGAGED IN THREATS OR COERCION**

The Bane Act prohibits interference or attempted interference with an individual's exercise or enjoyment of federal or state constitutional or statutory rights, by threat, intimidation or coercion (Cal. Civil Code § 52.1(b); *Austin B. v. Escondido Unified School District*, (2007)149 Cal.App.4th 860, 883.)  The essence of such a claim is that "the defendant, by the specified improper means…tried to or did prevent the plaintiff from doing something he or she had the right to do under the law, or force the plaintiff to do something he or she was not required to do." (*Id.*)  The SAC does not plausibly allege that any employee of either ROCKLIN or SELPA was motivated to interfere with the plaintiffs' rights, nor does it allege that these defendants undertook any measures constituting interference with their rights, nor that anyone used threats or coercion at any time. This

1    claim should therefore be dismissed without leave to amend.

2

3    **E.     EVEN IF THE FOURTH CAUSE OF ACTION FOR VIOLATIONS OF CAL. ED.
        CODE §§200, 201, 220 & 260 IS NOT TIME-BARRED, IT SHOULD BE DISMISSED
4       BECAUSE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES
        AND BECAUSE PLAINTIFFS CANNOT ALLEGE THAT THESE DEFENDANTS ACTED
5       WITH DELIBERATE INDIFFERENCE**

6

7            The Fourth Cause of Action alleges violations of California Education Code Sections 200,

8    201, 220 and 260, based on the assertion that defendants discriminated against the Plaintiff children

9    on the basis of their disability by subjecting them to physical and emotional abuse.

10           For reference, Ed. Code §200 provides as follows:

11           It is the policy of the State of California to afford all persons in public schools,
             regardless of their disability, gender, gender identity, gender expression,
12           nationality, race or ethnicity, religion, sexual orientation, or any other
             characteristic that is contained in the definition of hate crimes set forth in Section
13           422.55 of the Penal Code, including immigration status, equal rights, and
             opportunities in the educational institutions of the state. The purpose of this
14           chapter is to prohibit acts that are contrary to that policy and to provide remedies
             therefor.
15

16           Section 201, in pertinent part, states:

17           (a) All pupils have the right to participate fully in the educational process, free
             from discrimination and harassment…
18           (f) It is the intent of the Legislature that each public school undertake educational
             activities to counter discriminatory incidents on school grounds and, within
19           constitutional bounds, to minimize and eliminate a hostile environment on school
             grounds that impairs the access of pupils to equal educational opportunity.
20

21           Ed. Code §§200 and 201, which describe the policy of the state or its legislative intent,

22   cannot be the basis for a claim. "The statutory language of the California Education Code sections

23   on state policy and legislative intent does not affirmatively impose a mandatory duty, nor does it

24   provide any implementing guidelines, with respect to the training of students, for purposes of the

25   California statute imposing liability on a public entity for failure to discharge a mandatory duty to

26   protect against a particular kind of injury."  (*Roe by and through Slagle v. Grossmont Union High

27   School District,* 443 F.Supp.3d 1162. [S.D.Cal. 2020].)

28           Moving on to Ed. Code §220, it provides:

> No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code, including immigration status, in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid.

Finally, here is §260:

> The governing board of a school district shall have the primary responsibility for ensuring that school district programs and activities are free from discrimination based on age and the characteristics listed in Section 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Section 11138 of the Government Code.

This claim should be dismissed because Cal. Education Code §262.3(d) required the plaintiffs to pursue administrative remedies prior to bringing suit based on alleged violations of §§220 & 260. (*Donovan v. Poway Unified School District* (2008) 167 Cal.App.4[th] 567, 605; see also *J.E.L. v. San Francisco Unified School District*, 185 F.Supp.3d 1196, 1200–1201 (N.D. Cal. 2016), quoting *Donovan, supra,* at 605, (requiring "actual notice to the funding recipient, with an opportunity to take corrective action before a private action may lie.").) Plaintiffs have not pled notice nor exhaustion of their remedies, because none have occurred. Thus, this claim should be dismissed for lack of subject matter jurisdiction.

Moreover, the SAC does not plausibly allege violations of §§220 & 260 because liability under the statute requires that a school district have acted with deliberate indifference in the face of actual knowledge of harassment or discrimination based on a disability. (*Donovan, supra*, at 579.) The SAC fails to identify any facts known or reported to these defendants regarding any improper restraint, assault, abuse, or act of harassment or discrimination of the plaintiffs during their placement at GHS and/or PQ. It is axiomatic that defendants cannot have acted deliberately indifferent to facts of which they were unaware. This claim should be dismissed without leave to amend.

**F.    EVEN IF THE FIFTH AND SIXTH CAUSES OF ACTION FOR ASSAULT & BATTERY ARE NOT TIME-BARRED, THEY SHOULD BE DISMISSED BECAUSE THESE DEFENDANTS DID NOT ASSAULT NOR BATTER THE PLAINTIFFS**

Jordan asserts two claims for assault and battery against these defendants, the fifth cause of action based on Cal. Penal Code §206, and the sixth claim, based on the common law tort of assault and battery.  Both claims are based on allegations that GHS or PQ staff members repeatedly assaulted and battered the plaintiffs by throwing them to the ground, causing injuries.

California Penal Code §206 simply defines the crime of "torture," as follows:

> Every person who, with the intent to cause cruel or extreme pain and suffering for the purpose of revenge, extortion, persuasion, or for any sadistic purpose, inflicts great bodily injury as defined in Section 12022.7 upon the person of another, is guilty of torture.

There is nothing in P.C. §206 that authorizes a civil cause of action for torture, nor for assault and battery, for that matter.  Even if it did, the SAC does not allege that any employees of ROCKLIN or SELPA engaged in any assaultive or violent physical conduct involving the Plaintiff children.  Thus, the SAC also fails to allege that these defendants engaged in any conduct constituting common law assault and/or battery. Both of these claims should be dismissed without leave to amend.

## G.   EVEN IF NOT TIME BARRED, THE SEVENTH CAUSE OF ACTION FOR IIED SHOULD BE DISMISSED  BECAUSE NONE OF THESE DEFENDANTS ENGAGED IN ANY OUTRAGEOUS CONDUCT

Gloria V.M. joins Jordan in asserting this claim, which is based upon defendants' alleged infliction of injury or reckless disregard for the probability that injury would occur.  Here, it is undisputed that these defendants did not participate in any physical restraints of the children, and the SAC fails to allege any other conduct of these defendants sufficient to constitute IIED.  A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." (*Hughes v. Pair,* 46 Cal.4th 1035, 1050 (2009).) To recover under a theory of intentional infliction of emotional distress, "[t]he defendant must have engaged in 'conduct intended

to inflict injury or engaged in with the realization that injury will result." (*Duronslet v. County of Los Angeles*, 266 F.Supp.3d 1213, 1218 (C.D. Cal. 2017).)

In the absence of allegations of such conduct, these defendants are entitled to the dismissal of this claim without leave to amend.

**H.    EVEN IF NOT TIME BARRED, THE EIGHTH CAUSE OF ACTION FOR FALSE IMPRISONMENT AND CONSPIRACY TO COMMIT FALSE IMPRISONMENT SHOULD BE DISMISSED  BECAUSE NONE OF THESE DEFENDANTS ENGAGED IN ANY SUCH CONDUCT**

The elements of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." (*Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496 (2000); *C.B. v. Sonora School Dist.*, 691 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010).)  The SAC does not plead a plausible theory of liability against defendants for false imprisonment, starting with the failure to allege that these defendants restrained or confined the Plaintiffs. Further, defendants were not present at any time when any alleged illegal restraint occurred, nor were they contemporaneously aware that any restraint was taking place.  Other than the overbroad assertion that defendants acted "in concert with one another," plaintiffs do not allege a conspiracy to commit false imprisonment because they do not allege that these defendants agreed among themselves, nor with other defendants, to plan, authorize, encourage, engage in, nor coordinate any restraint of anyone at any time. This cause of action should be dismissed without leave to amend.

**I.    EVEN IF NOT TIME BARRED, THE NINTH CAUSE OF ACTION FOR NEGLIGENCE SHOULD BE DISMISSED  BECAUSE PLAINTIFFS DO NOT IDENTIFY ANY STATUTE IMPOSING A MANDATORY DUTY ON ROCKLIN OR SELPA**

In support of their ninth cause of action, Gloria and Jordan assert that defendants had a mandatory duty to adopt and implement a laundry list of measures and protocols related to the use of physical restraints, and that they breached that duty by failing to adopt and undertake such measures.   These allegations do not state a cause of action because plaintiffs fail to identify any statute which imposed a mandatory duty on defendants to have done so.

A fundamental principle of the Government Claims Act is that public entities are liable only to the extent provided by statute. Government Code § 815(a) states: "Except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee, or any other person." The Legislative Committee comment for § 815(a) provides in relevant part: This section abolishes all common law or judicially created forms of liability for public entities, except for such liability as maybe required by the state or federal constitution ... in the absence of a constitutional requirement, public entities may be held liable only if a statute is found declaring them to be.

In *Hilts v. County of Solano* (1968) 265 CA2d 161, the court followed this principle in holding that the liability of the County of Solano could be statutory only, and could not rest on a theory of common law or general negligence. (*Hilts*, at 170-171.) In *Hilts*, the County's liability was asserted to arise as a result of an allegedly dangerous condition of an intersection controlled by the County. The Court held that instructing the jury on a negligence theory would be erroneous, as liability against a public entity must be based on statute only. In *Tolan v. State of California* (1979) 100 CA3d 980, the court stated: Insofar as tort liability is concerned, the legislature has provided that a public entity's duty of care is only that specifically provided by statute. (*Tolan*, *supra*, at 986.)

Plaintiffs' failure to identify any statute imposing a mandatory duty to have adopted the restraint protocols is fatal to this cause of action, and it should be dismissed.

**J.   EVEN IF NOT TIME BARRED, THE TENTH CAUSE OF ACTION FOR NEGLIGENCE SUPERVISION SHOULD BE DISMISSED  BECAUSE EDUCATION CODE §44807 DID NOT REQUIRE DEFENDANTS TO SUPERVISE THE PLAINTIFFS AT GHS OR PQ**

Gloria and Jordan assert that defendants violated their mandatory duties under Cal. Education Code §44807 to supervise special needs students in their care. Education Code §44807 requires teachers and staff in public schools to hold pupils to a strict account for their conduct on the way to and from school, on the playgrounds, or during recess. Education Code section 44807, which has been construed as governing activities on school grounds, has been described as

"imposing on school authorities a general duty to supervise pupils on school property during school hours in order to ' "regulate their conduct so as to prevent disorderly and dangerous practices which are likely to result in physical injury to immature scholars under their custody." ' " (*Lilley v. Elk Grove Unified School Dist.* (1998) 68 Cal.App.4th 939, 945) However, §44807 does not impose a duty on defendants to supervise students that are not on their own school grounds, nor does it impose a duty on defendants to supervise other educators. "By its terms, §44807 requires teachers only to hold pupils to a strict account for their conduct; it does not purport to impose a mandatory duty more broadly on any public entity." (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 937.)  As a result, plaintiffs cannot allege a violation of Ed. Code §44807, and this claim should be dismissed.

## K.   EVEN IF NOT TIME BARRED, THE ELEVENTH CAUSE OF ACTION FOR NEGLIGENCE PER SE SHOULD BE DISMISSED  BECAUSE THE SAC DOES NOT IDENTIFY ANY STATUTE IMPOSING ANY MANDATORY DUTY BREACHED BY DEFENDANTS

The allegations in support of the eleventh cause of action do not identify any specific statutes which impose any relevant mandatory duty on defendants, but incorporates statutes referenced elsewhere in the SAC.   The failure to establish the existence of statutory liability is fatal to this claim.   Other than the statutes which have already been discussed hereinabove, the plaintiffs make reference to two other statutes, but neither of these creates any mandatory duty relevant herein.  Those statutes are  Penal Code §§11165.4 et seq. (the mandatory child abuse reporter statute) and Ed.Code §§ 56521.1 & 56521.2 (authorizes emergency physical interventions under certain circumstances and prescribes conditions for their use.)

Plaintiffs do not identify any facts known or reported to these defendants at any time which should have caused them to suspect any abuse of Jordan or Thomas.  Indeed, the SAC alleges that GHS and PQ staff took extraordinary measures to conceal the alleged abuse, including concealing it from these defendants (¶¶59, 63).  Defendants cannot report child abuse of which they are unaware, and the mandatory reporter statute does not provide any support for the claim of negligence per se.

As to violations of Ed. Code §§ 56521.1 & 56521.2, there are no facts alleged that these

1 defendants authorized or encouraged any use of restraints that would violate the law, nor that they

2 were ever aware that restraints were being or would be used illegally at GHS.   The SAC does not

3 allege that defendants were aware of any injuries inflicted on any students at GHS, prior to the

4 tragic death of Max Benson.    According to the SAC, GHS was then permanently closed and its

5 assets were sold to PQ.  Defendants expressed their understanding to Gloria that GHS staff had been

6 fired and their previous improper policies and practices were no longer employed.  Plaintiffs do not

7 allege that defendants received any information that illegal restraints were being used at PQ in

8 violation of law; moreover, plaintiffs themselves do not allege any illegal restraints after November,

9 2018. Thus, Plaintiffs cannot allege a violation of any these statutes by defendants, and their claim

10 for negligence per se must be dismissed.

11

12 **L.      EVEN IF NOT TIME BARRED, THE TWELFTH CAUSE OF ACTION FOR TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
13 **SHOULD BE DISMISSED  BECAUSE THE SAC DOES ALLEGE THE EXISTENCE OF ANY VALID OR ENFORCEABLE CONTRACT**
14

15       All three Plaintiffs assert this claim, but only against individual defendants GREGERSON

16 and TICKLE.  Plaintiffs assert that upon the respective enrollment of each child, a written contract

17 was entered into between the parent and GHS, MEYERS, KELLER, PQ, TICKLE, GREGERSON,

18 BRUCE and DOE Defendants, and that the children are the contracts' intended third party

19 beneficiaries.  (SAC ¶¶222-223).  Plaintiffs do not attach a copy of any such contract, nor do they

20 set forth any terms or provisions.  In particular, plaintiffs do not set forth any provision to support

21 the implausible allegation that Ms. GREGERSON and Mr. TICKLE, personally, were parties to any

22 contracts related to the placement of the children at GHS or PQ.   Under Cal. Ed. Code §§ 351631

23 and 176042, only a school district's governing board may ratify or approve a contract, so neither

24 Ms. GREGERSON nor MR. TICKLE, individually, had the authority to enter into a contract with

25 GHS or PQ related to the plaintiffs' placement there by ROCKLIN.

26       The SAC alleges that as part of these contracts, certain verbal promises were made by

27 defendants, without identifying which defendant made which "promise." (¶¶225-228) Moreover,

28 plaintiffs do not assert that any of the alleged promises was incorporated into any of the written

contracts, making them irrelevant under the parol evidence rule.  Under Cal. Civil Code §1625, the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

Additionally, the SAC also fails to allege what, if any, consideration Plaintiffs provided as part of the alleged contract, other than to vaguely state that they "did all of the significant things that the contract required them to do." (SAC ¶ 229.)  As such, the SAC has not come close to alleging the existence of any valid contract, much less its terms and conditions. Further, since plaintiffs do not state what duty each defendant owed anyone else under these contracts, especially, Ms. GREGERSON and Mr. TICKLE, nor how either of them breached that duty, they have not alleged a breach of any written contract.  Having failed to allege the breach of any valid contract, plaintiffs' claim that such a breach was tortious and committed in bad faith is frivolous and should be dismissed without leave to amend.

## M.   EVEN IF NOT TIME BARRED, THE THIRTEENTH CAUSE OF ACTION FOR FRAUD SHOULD BE DISMISSED BECAUSE THE SAC DOES NOT CONTAIN FACTS SUFFICIENT TO ALLEGE FRAUD

Gloria alone asserts the thirteenth cause of action for fraud, based upon allegations that around the date(s) of enrollment of the children, defendants GHS, PQ, as well as ROCKLIN and SELPA and their employees, represented to Gloria that defendants would not discriminate against any student at GHS based on a disability, and that they would use positive and respectful measures to correct inappropriate behavior.  They also represented to her that she was required to sign a form allowing defendants to use restraints on the children, "with the implied threat" that if she did not sign the form the children would not be enrolled at GHS, which was "the only school" available to educate their children, and therefore, (her refusal to consent) would be "in violation of California's mandatory education law."  It is asserted that the falsity of these representations was not discovered until about November 29, 2018, when Max Benson died, at which time Gloria learned that she was not required to consent to the use of restraints.  These allegations do not state a claim for fraud against any defendant because they lack the particularity and specificity required to allege fraud.

"The elements of fraud are (a) misrepresentation; (b) knowledge of falsity; (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638)  Every element of the fraud cause of action must be pleaded specifically, and the policy of liberal construction of the pleadings will not sustain a defective pleading. (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1332)  Thus, the plaintiff must plead the "how, when, where, to whom, and by what means the representations were made." (*Lazar*, at p. 645)  Here, the SAC does not allege which defendant made any statement asserted to be false, and instead alleges fraud against the whole group of defendants, including non-person entities.  The SAC does not contain any facts regarding when each alleged misrepresentation was made, nor the reasons why any defendant knew his or her statement to be false at the time the statement was made, nor the reasons that each statement actually turned out to be false.  Thus, Plaintiffs do not come close to alleging a cause of action for fraud.  Moreover, fraud cannot be asserted against a public entity nor its employees because claims for misrepresentational liability are barred by the immunities for public entities and their employees set forth in the Government Code at §§818.8 and 822.2.  This claim must be dismissed without leave to amend.

**N.    THE FOURTEENTH & FIFTEENTH CAUSES OF ACTION FOR VIOLATIONS OF THE ADA/SECTION 504 SHOULD BE DISMISSED  BECAUSE THE SAC DOES NOT, NOR CAN IT, ALLEGE INTENTIONAL DISCRIMINATION OR DELIBERATE INDIFFERENCE BY THESE DEFENDANTS**

The Fourteenth Cause of Action for violations of the ADA and the Fifteenth Cause of Action for Section 504 of the Rehabilitation Act of 1973 do not contain sufficient facts to state a claim under either statute.  The ADA and Section 504 of the Rehabilitation Act protect qualified individuals from discrimination by a public entity. (42 U.S.C. § 12132; 29 U.S.C. § 794(a).) Such an entity is also prohibited from either excluding qualified individuals from participation in services, programs or activities, or denying them the benefits of services, programs, or activities. (*Id.*) To state a claim under either of these statutes, a plaintiff must plead intentional discrimination, or at a minimum, deliberate indifference. (*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir.

2001).) "Deliberate indifference" requires both knowledge that a harm to a federally-protected right is substantially likely, and a failure to act upon that likelihood. (*Duvall*, 260 F.3d at 1139.)

The SAC contains no facts that ROCKLIN/SELPA intentionally discriminated against the plaintiffs because of their disability, nor as discussed above, acted deliberately indifferent to any information that the plaintiffs were being restrained, injured or abused.   Accordingly, the SAC fails to allege actionable conduct by defendants, and this claim should be dismissed without leave to amend.

**O.     THE EXCESSIVE FORCE CLAIM SHOULD BE DISMISSED BECAUSE THESE DEFENDANTS DID NOT PERSONALLY PARTICIPATE IN ANY ACT ALLEGED TO CONSTITUTE A FOURTH AMENDMENT VIOLATION**

The Sixteenth Cause of Action is brought under 42 U.S.C. §1983 for excessive force in violation of the Fourth Amendment based upon the use of illegal physical restraints upon the plaintiffs by GHS and PQ staff.  Section 1983 creates liability for "[e]very person who, under color of" state law deprives "any citizen ... or other person" of his or her "rights, privileges, or immunities" secured by the United States Constitution or other federal law.  (42 U.S.C. § 1983.) To establish liability for a cause of action under Section 1983, a plaintiff must show the defendant, acting under color of state law, personally participated in the alleged deprivation of federal constitutional or statutory rights.  (*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).) The plaintiff must allege the defendant, through his or her own individual actions, violated those rights. (*OSU Student Alliance v. Ray,* 699 F.3d 1053, 1069 (9th Cir. 2012).)

The SAC cannot allege any personal participation by these moving defendants in any act alleged to constitute excessive force.  As a result, defendants cannot have any liability for any fourth amendment violations and are entitled to a dismissal of this cause of action without leave to amend.

### III.  CONCLUSION

All state law claims should be dismissed based upon the plaintiffs' failure to comply with the Government Claims Act.  Moreover, each and every cause of action cannot be sustained by the

1   facts and circumstances alleged in the SAC, and the Court should grant Defendants' Motion to

2   Dismiss each and every claim for the reasons set forth above.

3

4                                              Respectfully submitted,

5                                              **EVANS, WIECKOWSKI, WARD &**
                                               **SCOFFIELD, LLP**
6

7                                              By _____

8                                              CAROL A. WIECKOWSKI
                                               Attorney for Defendants
9                                              ROCKLIN U.S.D., PLACER COUNTY
                                               SELPA, KRISTI GREGERSEN,
10                                             TROY TICKLE,  KRISTAIN ROYER
                                               & BETH DAVIDSON
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**
[Federal Rules of Civil Procedure, Rule 5(b)]
(CCP §§1011, 1012, 1012.5, 1013 and 1013a)

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within-entitled case.  I am an employee of EVANS, WIECKOWSKI, WARD & SCOFFIELD, LLP, and my business address is 745 University Avenue, Sacramento, California 95825.

On this date, I served the following document:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKLIN UNIFIED SCHOOL DISTRICT, KRISTI GERGERSEN, TROY TICKLE, KRISTAIN ROYER AND BETH DAVIDSONS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

xxx    by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below and **Electronically**:

| | |
|---|---|
| Seth L. Goldstein<br>Attorney at Law<br>2100 Garden Road, Ste. H-8<br>Monterrey, CA 93940<br>slglawoffice@gmail.com<br>megan.sethgoldstienlaw@gmail.com | Merit Bennett<br>Attorney at Law<br>460 St. Michael's Drive, Ste. 703<br>Santa Fe, NM 87505<br>mb@thebennettlawgroup.com |
| Leonard Bruce Garfinkel<br>California Department of Education<br>1430 N Street<br>Suite 5319<br>Sacramento, CA 95814<br>916-319-0860<br>Fax: 916-319-0155<br>Email: lgarfinkel@cde.ca.gov | |

I am familiar with the business practice of EVANS, WIECKOWSKI, WARD & SCOFFIELD, LLP, with regard to collection and processing of documents for mailing with the United States Postal Service.  The documents described above were sealed and placed for collection and mailing on the date stated below.  Pursuant to said business practices, documents were deposited with the United States Postal Service in Sacramento, California, that same day in the ordinary course of business.

I certify by the act of filing that the original document was produced on paper purchased as recycled.  (CRC, Rules 981.1, and 201.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed at Sacramento, California, on June 23, 2022.

Andrea Cervantes