| | |
|---|---|
| Seth L. Goldstein, S.B.N. 176882 | Merit Bennett, *Pro Hac Vice* |
| 2100 Garden Road, Suite H-8 | 460 St. Michael's Drive, Suite 703 |
| Monterey, California, 93940 | Santa Fe, New Mexico 87505 |
| Telephone (831) 372 9511 | Telephone: (505) 983-9834 |
| Fax (831) 372 9611 | Fax: (505) 983-9836 |
| Lead-Counsel for Plaintiffs | Co-Counsel for Plaintiff Marques |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE MARQUES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDING HANDS SCHOOL, Inc., et al.,<br><br>Defendants. | **Case No. 2:22-cv-00150-TLN-KJN**<br><br>**REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE**<br><br>**DATE: N/A**<br><br>**TIME: N/A**<br><br>**Judge: Hon. Troy L. Nunley**<br><br>**SAC Filed: 01/28/22**<br><br>**Trial Date: Not Set** |

**REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE**

REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

1

Plaintiffs hereby submit this REPLY to Defendant Handle With Care Behavior Management System, Inc.'s (hereinafter "HWC") opposition to Plaintiffs' motion to extend time for service of the Second Amended Complaint "Errata" (hereinafter "SAC") and therefore state as follows:

**PLAINTIFFS HAVE GOOD CAUSE FOR FAILURE TO SERVE THE SECOND AMENDED COMPLAINT.**

Plaintiffs assert that the SAC was not timely served because Plaintiffs' counsel mistakenly believed that HWC and other Defendants had been served via counsel.

Plaintiffs further maintain that the COVID 19 pandemic caused disruption to California's judicial system, and lead counsel for Plaintiffs' relied on reference to California's Emergency Rules extending the means of service and associated deadlines.

Furthermore, following the removal of the subject case to federal court, Plaintiffs filed a motion to consolidate the subject case with *Langley v. Guiding Hands School, Inc., et al.*, which put all of defendants' counsel on notice of the subject case, as well as caused Plaintiffs' counsel to believe that HWC's counsel was served.

Accordingly, Plaintiffs mistakenly believed HWC had been properly put on notice and served in this matter.

District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). In considering whether to grant an extension, "a district court may consider factors 'like the statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (*quoting Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (9th Cir. 1998)).

Federal Rule of Civil Procedure 4(m) provides two options when a plaintiff fails to timely serve defendants.

First, if the plaintiff shows good cause for not effectuating service within 90 days, the court must extend the time for service. *Crowley*, 734 F.3d at 976 (*quoting Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

Second, if good cause is not established, the court may either extend the time for service upon a showing of "excusable neglect" or dismiss the action without prejudice. *Id.*; *see also Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

- 1 -

Therefore, the duty issues are strictly a matter of law to be decided on matters that do not pertain to factual disputes over anything that is out of the control of the Defendants.

Defective product design and lack of warnings to co-defendants are legal issues that are independent of the Plaintiffs' conduct. Defendants were on notice of the proceedings well in advance of service, and nothing has occurred that would prejudice the Defendants in this case.

A plaintiff whose case is dismissed for lack of service will be able to re-file the action, as Rule 4 states that dismissal for lack of proper service should be without prejudice. *See Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992); 4(m),12(b)(5). *See* FED. R. Civ. P. 6(b).

Rule 4(m) allows courts to extend the 120-day service period for good cause for failure to serve, in the discretion of the court. Even if the plaintiff fails to show "good cause" for the failure to serve, the court may grant an extension according to its own judicial discretion. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (emphasis omitted).

To demonstrate good cause or excusable neglect, a plaintiff is required to show that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Oyama*, 253 F.3d at 512. Defendant HWC did have notice of Plaintiffs Marques' claims, as Marques was at first a party of the *Langley* matter and then refiled.

The delay of effectuating service has caused no prejudice to the Defendants.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (b) on motion made after the time has expired if the party failed to act because of excusable neglect." Good cause exists when the trial court, in its discretion, finds excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 (1990). Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness of counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 391 (1993).

Excusable neglect encompasses even the negligence of counsel. *Id*. Plaintiffs have explained that the delay in serving Defendants was not done intentionally nor in bad faith, but due to inadvertence.

REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

HWC's only argument for prejudice is that it "assumed that Plaintiffs did not intend to pursue this action against HWC." This argument does not substantiate a claim for prejudice. No discovery has occurred in this matter.

**CONCLUSION**

Based on the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Extend Time for Service, or in the alternative, to dismiss without prejudice.

DATED: January 30, 2023.

Respectfully submitted,

/s/ *Merit Bennett*
Merit Bennett, *Pro Hac Vice*

REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

- 3 -

Seth L. Goldstein, S.B.N. 176882
slglawoffice@gmail.com
2100 Garden Road, Suite H-8
Monterey, California, 93940
Telephone (831) 372 9511
Fax (831) 372 9611
Lead-Counsel for Plaintiffs

Merit Bennett, *Pro Hac Vice*
mb@thebennettlawgroup.com
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Telephone: (505) 983-9834
Fax: (505) 983-9836
Co-Counsel for Plaintiff Marques

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE MARQUES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDING HANDS SCHOOL, Inc., et al.,<br><br>Defendants. | **Case No. 2:22-cv-00150-TLN-KJN**<br><br>**CERTIFICATE OF SERVICE: REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE**<br><br>**DATE: N/A**<br><br>**TIME: N/A**<br><br>**Judge: Hon. Troy L. Nunley**<br><br>**SAC Filed: 01/28/22**<br><br>**Trial Date:  Not Set** |

**CERTIFICATE OF SERVICE**

REPLY TO HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

1

1   I am admitted to practice in County of Monterey, State of California.

2   I am over the age of eighteen (18) years and not a party to the within action.  My business
3   address is 460 St. Michael's Drive, Suite 703, Santa Fe, New Mexico 87505.

4   I hereby certify that on this 30th day of January 2023, we filed the foregoing pleading
5   electronically through the CM/ECF system, which notified the following counsel of record serving
6   the same on the parties to this action by electronic service, as addressed as follows:

7       Carol A. Wieckowski, carolw@ewwsllp.com

8       Leonard Bruce Garfinkel: lgarfinkel@cde.ca.gov

9       Daniela Patricia Stoutenburg: dps@szs.com

10  [ X ]  (BY ELECTRONIC SERVICE)

11  I declare under penalty of perjury under the laws of the State of California that the foregoing
12  is true and correct and that this declaration was executed on January 30, 2023, in Santa Fe, New
13  Mexico.

14
15                                          /s/ *Merit Bennett*
                                        Merit Bennett, *Pro Hac Vice*

16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28