**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIE ANDREAS MARQUES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GUIDING HANDS SCHOOL, INC., ET AL., <br><br> Defendants. | Case No.:   2:22-cv-00150-DJC-CSK <br><br> **ORDER DISMISSING DEFENDANT HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.** <br><br> **Judge: Hon. Daniel J. Calabretta** <br> **SAC Filed: 01/28/22** <br> **Trial Date: Not Set - Stayed** |

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendant Handle With Care Behavior Management System, Inc. ("HWC") is hereby dismissed from this action without prejudice.

2. If discovery later reveals new, material evidence, that would provide a reasonable likelihood of liability on HWC's part, Plaintiffs may seek leave to amend the operative Complaint to re-name HWC as a Defendant, and Defendant may oppose any such motion. Any such motion must be filed no later than 180 days prior to the last day to complete fact discovery (pursuant to the original trial date). Should HWC be re-named as a defendant in this matter, HWC may request a continuance of trial, if need be, in order to ensure that HWC has adequate time to prepare a defense and file any dispositive motion, which Plaintiffs agree to not oppose. Also, HWC will have the

1

ORDER DISMISSING DEFENDANT HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.

opportunity to file a motion to dismiss should HWC be re-named as a defendant in this matter.

3. In the event the Court later grants a motion by Plaintiffs for leave to amend that permits Plaintiffs to re-name HWC as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of HWC's dismissal from this litigation, as though no such dismissal had occurred. Further, any statute of limitations defense that may have existed prior to the dismissal of HWC pursuant to this stipulation, can be asserted by HWC in the event that that HWC is re-named as a defendant in this action. Further, any other defenses that may have existed prior to the dismissal of HWC pursuant to this stipulation (including, but not limited to, Plaintiffs failure to serve the complaint within 90 days pursuant to Rule 4M) can be asserted or re-asserted by HWC in the event that HWC is re-named in as a defendant in this action.

4. Unless HWC is later re-named as a Defendant in this action, Plaintiffs and HWC shall each bear their own costs and attorney's fees incurred in this action.

**IT IS SO ORDERED.**

Dated:  December 12, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE